## NIMESKERN v. JANSON et al.

Common Pleas Court, Hamilton County.

No. A-131573.   Decided October 15, 1952.

Albert C. Keeler, Spangenberg & Spangenberg, Cincinnati, for plaintiff.

Richard T. Carroll, Cincinnati, for defendants.

## OPINION

By BADER, J.

This cause comes before the Court to be heard on the motion of the plaintiff to set aside, or, in the alternative, hold in abeyance the order directing the writ of possession ordered in the decree of confirmation of the sale.

The plaintiff, Helen Nimeskern, occupied the residence on one of the parcels of real estate described in her petition at the time she instituted her action and is still occupying the same. The decree confirming the public sale, ordering the Sheriff's Deed and distribution of proceeds was placed on record September 9th, 1952. In this decree it was ordered that a writ of possession issue, directing the sheriff to place the purchaser in possession of the premises. On September 30th the plaintiff filed the motion now before the Court, and sets forth the following reasons for setting aside the writ of possession heretofore ordered, to-wit:

"First. That the said plaintiff, Helen Nimerskern and her family are now and have been in occupancy of said Parcel No. 1.

"Second. That she is a tenant of said premises and subject to the payment of rent.

"Third. That the said Parcel No. 1 is subject to Housing Rent Regulations under the Federal Housing and Rent Act of 1947, as amended, 50 U. S. C. A. Appendix, §1881 et seq.

"Fourth. That the Council of the City of Cincinnati have passed a resolution requesting extension of rent control in said city beyond the expiration date of said act, to-wit, the 30th day of September, 1952.

"Fifth. That she is not advised as to whether said premises are to be occupied by the purchasers for their own personal use.

"Sixth. That the aforesaid Federal Housing and Rent Act grants her a period of ninety (90) days from the date of issuance of a Certificate of Eviction and no Certificate of Eviction has been issued.

"Seventh. That no notice of any kind has been received by her from the local Area Rent Control Director.

"Eighth. That the said Federal Housing and Rent Act aforesaid supersedes the local law and the order of this Court directing the issuance of said writ of possession.

"Ninth. That the order in connection with said writ of possession is void for want of jurisdiction in this Court to issue same.

"Tenth. That plaintiff, Helen Nimeskern, has acquired the parcel designated as No. 2 herein, but by reason of said rent

control cannot obtain possession of said housing accommodation under the minimum requirements of the said Rent Control Act."

The plaintiff in this case was a co-tenant and owned an undivided one-third part of the real estate in question. She was not a tenant who would be brought within the jurisdiction of the Office of Rent Stabilization by reason of the Housing and Rent Act of 1947, as amended. The Court has perused this Act of Congress but nowhere can be found any provision therein which provides that a part owner of the premises occupying the premises could be classified as a rent paying tenant which would bring the part owner under the jurisdiction of the Act of Congress which regulates the rental of or the eviction from premises under the Housing and Rent Act.

The General Code of Laws of the State of Ohio provides how possession of real estate may be delivered when sold under orders of sale, and reads in part as follows:

"**Sec. 11654 GC.** Kinds of execution. Executions are of three kinds:

\*　　　　\*　　　　\*　　　　\*

"3. For the delivery of the possession of real property, including real property sold under orders of sale. The writ must contain a specific description of the property, and a command to the sheriff to deliver it to the person entitled thereto. It also may require him to make the damages recovered for withholding the possession and costs, or costs alone, out of the property of the person who so withholds it."

In 1933, A. G. Opns. No. 1913, the Attorney General held:

"It is the mandatory duty of the sheriff to serve the writ of possession under §**11654 GC,** within the time required by law. Where the occupants refuse to leave the premises, it is the duty of the sheriff to remove them and their personal property from the premises and to deliver possession to the persons entitled to possession."

We have in this case a tenant in common who occupied the premises in question and instituted an action for partition and sale of real estate. This action was filed on March 10th, 1952, the Decree for Partition was entered May 9th, 1952, and the sale was confirmed on September 9th, 1952.

She was a part owner of the premises, not a rent paying tenant other than a party to the action. The purchaser in good faith bid the highest price for the real estate, borrowed money to finance the purchase and cannot get possession because the part owner who occupies the premises refuses to give him possession, and sets up her right to remain because

proper notice provided for in the Housing and Rent Act of 1947, as amended has not been complied with, to-wit, the notice to vacate ninety days from the issuance of the Certificate of Eviction has not been given.

The Court is of the opinion that the plaintiff was a co-tenant at the time she instituted the partition proceedings and remained so until after the sale, to the time of the confirmation of the sale, and that as such co-tenant and part owner she was not entitled to whatever benefits a tenant would have by reason of the Federal Housing and Rent Act of 1947 and its amendments. To hold otherwise would permit an owner of real estate, who occupies the same at the time of the judicial sale, to change his or her status after the sale has been confirmed and after he or she has received the consideration for his or her interest. This would be contrary to practice and procedure carried on in this state for many years, and which makes it the sheriff's duty to place the purchaser of real estate at a judicial sale in possession.

Accordingly the Court is of the opinion that the motion to set aside, or, in the alternative hold in abeyance the order directing the writ of possession is not well taken and the same will be overruled.